Joseph W. Bisbiglia, Bar No. 219546
LAW OFFICE OF JOE BISBIGLIA
740 4th St Ste 213,
Santa Rosa, CA 95404-4421
Phone: 707-595-5974
Fax: 707-595-5973

Gene H. Shioda, Bar No. 186780
James Alexander Kim, Bar No. 220763
LAW OFFICE OF GENE H. SHIODA
5901 West Century Blvd., Suite 750
Los Angeles, California 90045
Tel: (310) 348-7222 / Fax: (310) 348-7220
Email: ghs@shiodakim.com / jak@shiodakim.com

Attorneys for Plaintiff:
GLORIA LARELLE BINGHAM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK RILEY, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF COTATI; COTATI POLICE DEPARTMENT; MICHAEL PARISH; JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1.   Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. §1983);<br>2.   Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983);<br>3.   Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983);<br>4.   Municipal Liability— Failure to Train (42 U.S.C. § 1983);<br>5.   False Arrest/False Imprisonment<br>6.   Battery; |

**1**

**COMPLAINT**

7.   Negligence;

**AND REQUEST FOR JURY TRIAL.**

## COMPLAINT

COMES NOW Plaintiff JOHN RILEY alleges in his complaint against Defendants CITY OF COTATI; COTATI POLICE DEPARTMENT; MICHAEL PARISH; JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT and DOES 1 through 10, inclusive, 20, inclusive, as follows:

### I.  INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages against Defendants for violating various rights of Plaintiff protected under the United States Constitution and state law by certain members of the Cotati Police Department as further described herein.

### II.  JURISDICTION AND VENUE

2.      This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§1331, 1343, and 1367

3.      This Court has supplemental jurisdiction under 28 U.S.C.§1367 over all other claims as claims so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because the

Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Sonoma, California.

///

### III.  THE PARTIES

5.     At all relevant times, Plaintiff JOHN PATRICK RILEY was an individual residing in the County of Sonoma, California.

6.     At all relevant times, Defendant CITY OF COTATI (the "City"), was a duly organized public entity, an incorporated city in Sonoma County, existing under the laws of the State of California.  At all relevant times, the City, established, funds, and administers Defendant COTATI POLICE DEPARTMENT ("CPD").  At all relevant times, CPD was the employing public agency of individual Defendants MICHAEL PARISH, who was at all relevant times, the chief of police of CPD; and CPD police officers JERRY CUNNINGHAM; TYLER WARDLE; and BENNET KNIGHT.  On information and belief, individual defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; and BENNET KNIGHT, were and are residents of the County of Sonoma, California.

7.     At all relevant times, Defendant MICHAEL PARISH, as chief of police of CPD, is the individual authorizes and responsible for the policies and practices of the CPD, and the individual holding a position with the ultimate responsibility for ensuring compliance by its officers with the U.S. Constitution, and all other applicable federal, state and local law.

8.     At all relevant times, Defendant MICHAEL PARISH was  policy

making, managerial, supervisorial, and executive employee of Defendant City.

9.      At all relevant times, individual defendants JERRY CUNNINGHAM; TYLER WARDLE; and BENNET KNIGHT, were police officers who violated, participated in the violations of, or otherwise materially involved in the acts complained of herein.  Individual defendants JERRY CUNNINGHAM; TYLER WARDLE; and BENNET KNIGHT, and other unknown CPD officers, in doing the acts alleged herein, acted under the color of law, as City police officers, to willfully deprive Plaintiff of rights protected under the U.S. Constitution and California state law.

10.      At all relevant times, individual defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; and DOES 1 through 20 inclusive, were duly authorized employees and agents of Defendant City, and the actions alleged herein were committed by Defendants, each of them, under color of law as agents purportedly acting under the authority and ratification of their principal, Defendant City.

11.      At all relevant times, Defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; and DOES 1 through 20 inclusive, were duly appointed officers, agents, and employees of the City, subject to oversight and supervision by City's elected and non-elected officials.

12.      In doing acts described herein, Defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; and DOES 1 through 20 inclusive, were acting on the implied, and actual permission and consent of the City.

**4**
**COMPLAINT**

13.     At all relevant times, Defendants City, and its agency, the CPD, had the legal duty to oversee and supervise and review the hiring, continued employment, training, and review conduct of individual defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; and DOES 1 through 20 inclusive.

14.     The true names of defendants DOES 1 through 20 inclusive, are unknown to Plaintiff, who therefore sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants sued as DOES, when the true names and capacities have been discovered or ascertained.

15.     The acts and omissions of individual Defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; and DOES 1 through 20, described herein, arise from an illegal and unjustified assault and subsequent false arrest of Plaintiff occurring on February 7, 2020, in the City of Cotati.

16.     At all relevant times, Defendants DOES 1 through 10, inclusive, were police officers employed by CPD who participated in the violation of Plaintiff's protected rights, or who materially assisted other defendants in the violation of those rights, or who knowingly assisted defendants in the concealment of, and/or knowingly made false denials of the material facts of the violation of Plaintiff's protected rights.

17.     At all relevant times, Defendants DOES 11 through 20, inclusive, were managers, supervisors, administrators, and policy making individuals within

**COMPLAINT**

and employed by the CPD.  DOES 11 through 20, were hired, promoted, and supervised by the City.

18.     Individual defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; and DOES 1 through 20, inclusive, are sued in both their official and individual capacities.  Individual defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; and DOES 1 through 20, inclusive, sued in their individual capacity, for purposes of enforcing claims for money damages.  In doing the acts complained of herein, individual defendants Individual defendants MICHAEL PARISH, JERRY CUNNINGHAM; TYLER WARDLE; BENNET KNIGHT; and DOES 1 through 20, inclusive, violated clearly established law.

19.     The actions complained of herein, were actions that were unreasonable for police officers, contrary to the law, and committed with the knowledge that the legally protected rights of Plaintiff would be violated and/or with no regard for the legally protected rights of the Plaintiff. These legal rights are clearly established and recognized rights protected by the United States Constitution, including the right to be free from unreasonable search and seizure in the Fourth Amendment's prohibition against such acts.

20.     The actions complained of herein, were objectively unreasonable and the official acts of individual defendants were beyond the discretion of the authority granted to them by law, and the scope and nature of the actions of individual defendants, and the subsequent approval of defendant City, demonstrate a policy and practice of the CPD that routinely violate the Fourth Amendment

without accountability or consequence.  Accordingly, the actions by police officers of the City against Plaintiff are not entitled not entitled to immunity, and immunity in this action would act as license to officials to continue to deprive and violate rights and privileges protected under the United States Constitution.

21.     Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is liable and responsible in some manner for the claims, demands, losses, acts and damages alleged herein, by operation of law, by agency, by ratification, by contributory and acting in concert to harm the Plaintiff as alleged herein.

22.     Plaintiff is further informed and believes, and based thereon alleges, that the acts and conduct of each of the individual defendants alleged herein were known to, authorized and/or ratified by each of the other defendants.

23.     On July 31, 2020, Plaintiff served a timely written claim on the City in compliance with presentment requirement of California's Government Claims Act.

## IV.  COMMON FACTS

24.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 23, inclusive, of this Complaint as though the same were fully set forth herein.

25.     On Friday, February 7, 2020, in the downtown area of City of Cotati, Plaintiff was with several of his friends waiting for a ride to pick them up to return home.

26.     Thursday nights are typically busy during after hours, with many

people patronizing the drinking establishments in the downtown Cotati area.  Most of the people in the downtown area during the late hours are students at nearby Sonoma State University patronizing the many bars located downtown.  CPD routinely conduct foot patrols in the area during the late and early morning hours for the stated purpose of maintaining public safety.

27.     While waiting, Plaintiff and his friends were accosted another identified male, identified by CPD as Sean Stell, who appeared intoxicated. According to CPD officers who prepared statements on the incident, Mr. Stell is known to CPD officers who patrol the downtown area, being involved in multiple incidents in the past where Mr. Stell initiated physical alterations with other, was intoxicated, and was verbally abusive to others, including the police.

28.     Plaintiff and his friends had no familiarity with Mr. Stell and the early Friday morning was the first encounter with this individual.  Mr. Stell acted hostile, and began yelling profanities at Plaintiff and his friends.

29.     Mr. Stell started  physically attacking one of Plaintiff's friends. Plaintiff and his friends were attempting to avoid engaging Mr. Stell and attempting to retreat from Mr. Stell when a CPD officer, later identified as TYLER WARDLE, arrived during his foot patrol of the area.  Officer WARDLE ordered Plaintiff, his friends and Mr. Stell to stop fighting and ordered everyone to the sit on the ground.

30.     Officer WARDLE began yelling out to Plaintiff and the people present, that he was police, and the order to cease fighting and to sit on ground while directing bright light from his flashlight directly towards Plaintiff and the

people around him.  The light obscured the vision of Plaintiff in the direction where Officer WARLE was.

31.     Upon the sudden arrival of Officer WARDLE and Officer WARDLE's command to cease movement, Plaintiff and his friends understood Officer WARDLE was a police officer and that they were detained.

32.     Officer WARDLE was then joined by other CPD officers, later identified as Defendants JERRY CUNNINGHAM and BENNET KNIGHT at the scene.

33.     Officer CUNNINGHAM, upon his arrival at the scene of the incident, observed Plaintiff in compliance with the initial orders to cease fighting, remaining prone in the sitting position on the ground while Officer WARDLE was questioning the parties.

34.     Officer WARDLE, based on his interactions with Plaintiff at the scene, understood that Plaintiff was not intoxicated, and Officer WARDLE had not witnessed Plaintiff acting violently or committing any crime.  Officer WARDLE acknowledged these facts in a prepared written statement after the incident.

35.     At no time did Plaintiff refuse any order or command by any police officer at the scene, and was in compliance with each command as ordered by police officers, including Officer WARDLE.

36.     CPD officers, in statements prepared after the incident, reported that Plaintiff and the other people present stopped fighting once ordered to do so, and complied with instructions to remain prone, in a sitting position on the ground. Plaintiff and his friends understood the officer WARDLE's instructions as an

**COMPLAINT**

explicit order that they were not free to leave, and that they were detained until the police permitted them to leave.  At no time during the detainment and questioning were Plaintiff and his friends informed that they were suspects, believed to have committed any crime, and did not act in any overt manner to threaten the safety of police officers at the scene, or any other person.

37.    During the questioning, Plaintiff and his friends informed Officer WARDLE that they were accosted by Mr. Stell and that they were outside at that time waiting for and attempting to get a ride home on Uber.

38.    From the start of the encounter with police and up to the time when he was assaulted, Plaintiff complied with each order communicated to him by the police without hesitation or objection, and did not communicate any hostility to police officers at the scene.

39.    After a short time questioning Plaintiff, Officer KNIGHT ordered Plaintiff to stand up.  Plaintiff complied with Officer KNIGHT's instruction.

40.    When Plaintiff stood up in compliance with Officer KNIGHT's command, Officer KNIGHT grabbed Plaintiff's arm forcibly as a control point for a takedown of Plaintiff.  The action of Officer KNIGHT was sudden and violent, and Plaintiff in natural reaction resisted the takedown and was attempting to remain standing.  Officer KNIGHT could have ordered Plaintiff to a prone position on the ground, but instead acted without warning or instruction.

41.    Officers KNIGHT and WARDLE did throw Plaintiff to the ground, slamming Plaintiff face first into the concrete onto his stomach, placing Plaintiff's body beneath Officers KNIGHT and WARDLE in an advantageous position of

using Offices KNIGHT and WARDLE's weight to suppress movement by Plaintiff.

42.     When Plaintiff interjected why he was thrown to the ground, Officer KNIGHT responded that he was getting the wallet in Plaintiff's back pants-pocket. Plaintiff stated he simply needed to ask for it and Plaintiff would have complied.

43.     Officer KNIGHT responded aggressively, by slamming Plaintiff's head, face first into the concrete, breaking Plaintiff's nose and damaging the tissue around his face.  Officer KNIGHT immediately followed this action with the process of handcuffing Plaintiff's hands behind his back while repeatedly striking Plaintiff with the closed fists and knees.

44.     Officer WARDLE witnessed the actions of Officer KNIGHT and assisted in the assault on Plaintiff.

45.     During a time span of less than minute, CPD officers punished Plaintiff with heavy strikes to Plaintiff's head, arms, and back.  Plaintiff at no time, responded physically to the strikes and was physically unable to defend himself from the underneath position Officer KNIGHT had placed him in, and Plaintiff was effectively immobilized by CPD  pressing down on him with his weight and Plaintiff's hands being handcuffed behind his back.

46.     After pummeling Plaintiff with blows, that were unprovoked and when officer safety was not threatened, Officer KNIGHT continued to press  down on Plaintiff's neck and back area and additional CPD officers assisted Officer KNIGHT by also pressing down on Plaintiff's back and ankles to the excruciating pain of Plaintiff.

47.     Officer WARDLE, and other CPD officers at the scene maintained

pressure even when Plaintiff screamed in pain and asked officers to stop pressing down on him, and even after one of Plaintiff's friends, witnessing Plaintiff in distress begged them to stop.

48.     Plaintiff's face was swollen with abrasions, contusions, a black eye, and was bleeding from the nose and mouth area.

49.     At no time did Plaintiff act in any manner to threaten any persons at the scene, and at no time was Plaintiff informed that any concern for officer safety was arose.  Plaintiff was compliant, and there was no reasonable basis by a police officer to detain, attempt arrest, arrest, assault and batter the Plaintiff in the manner and severity suffered.

50.     Without probable cause or evidence, CPD Officers, including Officer WARDLE, charged Plaintiff with violation of the misdemeanor crime for the willful resistance or delay of any public officer, peace officer or emergency medical technician.  Cal. Penal Code Sec. 148(A)(1).

51.     After the incident, Defendant Officers WARDLE, CUNNINGHAM, and KNIGHT prepared written statements in a CPD Incident/Investigation Report falsely claiming that they were concerned Plaintiff possessed a concealed weapon and were attempting to restrain Plaintiff to prevent access to a phantom weapon.

52.     The prepared statements of Officers WARDLE, CUNNINGHAM, and KNIGHT concealed material facts of the incident, and the facts that Plaintiff obeyed each of the orders given to him by police at the scene, that the physical assault of Plaintiff by CPD was unprovoked and unjustified, the force used excessive, and the conduct of the police outside the scope of reasonable police

conduct.

53.    Plaintiff was later taken by Officer WARDLE and processed into the custody of the Sonoma County Main Adult Detention Facility (MADF).  From the initial contact, through arrest, to transport, and transfer of custody by Officer WARDLE, Plaintiff engaged in no hostile acts towards any person, and was consistent in informing police that he did not participate in any fight.

54.    Plaintiff is informed and believes that the use of excessive force under the circumstances is part of a pattern, practice, and de facto policy of CPD, that disregards the rights of individual citizens, and is contrary to the stated objectives of sound community police practice and in fact places police officers in greater danger of harm or increases the risk to public safety.

55.    The intended purpose of the use of excessive force as a blanket reaction to interactions with the public during foot patrols of the downtown area during the late hours and early morning is designed to intimidate the public by a display of physical violence and injury to people to unlucky enough to encounter CPD officers.  The practice fails to enhance public safety, provide improved officer safety, and increased the risk to the public and the police by escalating interactions into a physical altercation without provocation or justification.

56.    Plaintiff took no action to threaten the safety of police officers at the scene. Plaintiff was unable to defend and avoid injury when he was physically assaulted by CPD officers because of the suddenness and viciousness of the police action.  At no time did Plaintiff express non-compliance with police orders, refuse any order or instruction made by police, or threaten by words or action, the safety

of any police or person at the scene.

///

///

COUNT 1

Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. §1983)

AGAINST Defendants WARDLE, CUNNINGHAM, KNIGHT AND DOES 1

THROUGH 10, INCLUSIVE

57.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 56, inclusive, of this Complaint as though the same were fully set forth herein.

58.     Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, acting under the color of law, specifically under the authority vested with the CPD by the City, and caused Plaintiff to be detained, arrested, and assaulted in violation of law.

59.     Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, violated Plaintiff's legally protected rights under federal law, including his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

60.     As a result of the conduct of Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, are liable for Plaintiff's injuries because they were integral participants to the violations of Plaintiff's rights.

**14**
**COMPLAINT**

61.     The Plaintiff was detained without reasonable suspicion by Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, and they attempted to and did arrest Plaintiff without probable cause.

62.     Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, during the detention and arrest of the Plaintiff, repeatedly and violently struck the face, head, neck and back of the Plaintiff without provocation when Plaintiff was complying with the commands of Defendant police officers.  The assault occurred when Plaintiff was not observed committing any crime, was not the suspect of any crime; had no history or prior record indicating any prior criminal acts or threat to public safety or propensity to violence; no objective facts were known to the arresting officers that indicated any threat to officer safety; and when Plaintiff was immobilized and handcuffed by the arresting officer.  The assault of the Plaintiff was not initiated after a failure to comply or in an effort to obtain further compliance and when Plaintiff was immobilized and unable to present a threat to officer safety.

63.     At the time of the detainment, arrest and assault by CPD, Plaintiff was unarmed and his hands empty.  Plaintiff was not wearing clothing to indicate any concealed weapons, and took no action that he possessed any weapon.  Plaintiff made no threats, either by words, action, or gesture, threatening officer safety.

64.     The conduct of Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, were willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants WARDLE,

CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive.

65.     Accordingly, Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, are each liable to Plaintiffs for compensatory and punitive damages.

COUNT 2

Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(17 U.S.C. §§500, et seq.)

AGAINST ALL DEFENDANTS WARDLE, CUNNINGHAM, KNIGHT AND DOES 1 THROUGH 10, INCLUSIVE

66.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 65, inclusive, of this Complaint as though the same were fully set forth herein.

67.     Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, each of them, caused Plaintiff to be detained and they attempted to arrest Plaintiff in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

68.     Defendants detained, searched, and seized Plaintiff without probable cause.

69.     In detaining, searching, and seizing Plaintiff, Defendants, each of them, used force that was beyond the scope of appropriate force measures available to a reasonable officer under the circumstance.

**COMPLAINT**

70.     The force used by defendants, each of them, against the Plaintiff violated California law standards of objective reasonableness.  Cal. Penal Code Sec. 835a.

71.     The force employed by defendants, each of them, against the Plaintiff was excessive and unreasonable and a violation of the Fourth Amendment's prohibition against the use of unreasonable force.

72.     The use of force by Defendants was unrelated to any act of self-defense, risk to officer safety, employed in the absence to any risk to public safety, and contrary to sound police practice or policy.

73.     Defendants employed the concrete pavement as a weapon to increase the injury to Plaintiff by first throwing Plaintiff down onto the concrete with full force, and throwing their weight on top of Plaintiff, by repeatedly using force to have Plaintiff's face strike the concrete.  The force used was likely and intended to cause serious bodily injury, or death.  The use of force in this manner of the concrete pavement employed a deadly weapon in the assault of Plaintiff by police.

74.     The use of force was excessive and brutal when a substantial portion of the injuries were caused when Plaintiff was completely immobilized, handcuffed, and prone.

75.     The use of deadly force was excessive because this was not an immediate defense of life situation, the involved officers did not give a verbal warning that force would be employed, there was no refusal on the part of the Plaintiff to comply with police commands, no opportunity was provided to Plaintiff for compliance, and the force employed was likely to cause serious injury

**COMPLAINT**

and/or death.

76.     As a direct, proximate and factual result of the use of force by Defendants against Plaintiff, Plaintiff suffered extreme physical and mental pain, suffering, loss of enjoyment, anguish, and a deprivation of protected rights.

77.     The conduct of Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, were willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive.

78.     In addition to any other remedy, Plaintiff is entitled to recovery of attorneys fees.

COUNT 3

Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)

AGAINST DEFENDANTS CITY OF COTATI, COTATI POLICE DEPARTMENT, MICHAEL PARISH, AND DOES 11 through 20, inclusive.

79.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 78, inclusive, of this Complaint as though the same were fully set forth herein.

80.     On or from some time prior to February 7, 2020 (and continuing to the present day) DEFENDANTS CITY OF COTATI, COTATI POLICE DEPARTMENT, MICHAEL PARISH, AND DOES 11 through 20, inclusive, deprive Plaintiff of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants

and their supervising and managerial employees, agents, and representatives, acting with gross negligence and in reckless and deliberate indifference to the rights and liberties of the public in general and of persons in their class, situation, and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)  Employing and retaining as police officers and other personnel, including Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive whom Defendants, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Police Department policies;

(b)  Defendants, at all times material herein knew or reasonably should have known Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Police Department policies;

(c) Of inadequately supervising, training, controlling, assigning, and disciplining CPD Police Officers, and other personnel, who Defendants knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(d) By failing to adequately train officers, including Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, and failing to institute appropriate policies, regarding the use of excessive force;

(e) By having and maintaining an unconstitutional policy, custom, and

practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of defendants, were done with a deliberate indifference to individuals' safety and rights; and

(f) Employing a practice of inadequately trained and insufficiently supported CPD officers on foot patrols to intimidate and harm members of the public in an effort to reduce the number of late hour patronage in the downtown area of the City.

(g) Of inadequately training CPD Police Officers on the risk of use of force and threat escalation in encounters with the public; and failing to provide appropriate procedures for investigating public disturbance incidents in a manner that is within reasonable police standards.

81.     By reason of the aforementioned policies and practices of DEFENDANTS CITY OF COTATI, COTATI POLICE DEPARTMENT, MICHAEL PARISH, AND DOES 11 through 20, inclusive, Plaintiff was severely injured and subjected to pain and suffering loss of liberty.

82.     Defendants, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly

**COMPLAINT**

situated.

83.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, acted with an intentional, reckless, and callous disregard for the Plaintiff's constitutional rights. Defendants, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

84.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

85.     Accordingly, Defendants DOES 5-10, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

86.     Plaintiffs also seek attorney fees under this claim.

COUNT 4

Municipal Liability – Failure to Train (42 U.S.C. § 1983)

DEFENDANTS CITY OF COTATI, COTATI POLICE DEPARTMENT,

MICHAEL PARISH, AND DOES 11 through 20, inclusive,

87.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 86, inclusive, of this Complaint as though the same were fully set forth herein.

88.     While acting under the color of state law and within the course and scope of their employment as police officers for the CPD police department, assaulted and seriously injured Plaintiff, who committed no crime and was complying with police commands, was unarmed and not presenting a threat to

officer or public safety, and violated Plaintiff's rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

89.     The training policies of the defendant CPD officers were not adequate to train its police officers, including but not limited to:

   a.   The training of CPD officers assigned to foot patrols of the downtown area for late hours;

   b.   The training CPD Police officers on the risk of use of force and improper threat escalation in encounters with the public; and failing to provide appropriate procedures for investigating public disturbance incidents in a manner that is within reasonable police standards;

   c.   Failing to institute a procedure to adequately monitor, track, and respond to incidents of excessive force by individual CPD officers in encounters with the public resulting in bodily injury;

   d.   Failing to institute a procedure to adequately investigate excessive force complaints against CPD officers by members of the public;

   e.   Appropriate training to deescalate encounters with nonviolent members of the public;

   f.   Appropriate training to avoid the use of excessive force;

   g.   Appropriate procedures to prevent false narratives to be employed by police to conceal violations of police department policy;

   h.   Appropriate standards for reasonable interactions with members of the public when no crime is observed and no suspect is identified; and

      i.   Inadequate training includes failing to teach officers to give a verbal warning when feasible prior to using force, to give commands when feasible prior to use of force, and non violent methods to obtain compliance when officer safety is not at risk.

90.    Defendants CITY OF COTATI, COTATI POLICE DEPARTMENT, MICHAEL PARISH, AND DOES 11 through 20, inclusive, were aware that failure to implement some sort of training with regards to their officers' use of deadly force and dealing with unarmed suspects, would result in continuing to have numerous unreasonable officer involved avoidable excessive force incidents;

91.    The failure of the Defendants to provide CPD officers of adequate training with regards reasonable use of force, caused the deprivation of the Plaintiff's rights by Defendant CPD officers. In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

92.    By failing to provide adequate training to CPD officers, Defendants acted with an intentional, reckless, and callous disregard for the life of Plaintiff, and Plaintiffs' constitutional rights. Defendants, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

93.    These inadequate training policies existed prior to the date of this incident and continue to this day.

94.    The Defendants were deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including incident involving

**COMPLAINT**

CPD officers and the assault of the Plaintiff.

95.     Accordingly, Defendants CITY OF COTATI, COTATI POLICE DEPARTMENT, MICHAEL PARISH, AND DOES 11 through 20, inclusive, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

96.     Plaintiffs also seek statutory attorney fees under this claim.

COUNT 5

False Arrest And Imprisonment (Cal. Gov't Code Sec. 820 and California common law).

AGAINST DEFENDANTS CITY OF COTATI, CPD, WARDLE,

CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive,

97.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 96, inclusive, of this Complaint as though the same were fully set forth herein.

98.     While acting under the color of state law and within the course and scope of their employment as police officers for the CPD police department, assaulted and seriously injured Plaintiff, who committed no crime and was complying with police commands, was unarmed and not presenting a threat to officer or public safety, and violated Plaintiff's rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

99.     Defendants, each of them, acting within the course and scope of their employment as CPD officers, intentionally deprived Plaintiff of his freedom of movement by use of force, threats of force and unreasonable duress when

24

**COMPLAINT**

defendants detained, searched, arrested and incarcerated Plaintiff without probable

based on false statements given by Defendants WARDLE, CUNNINGHAM,

KNIGHT.

100.   Plaintiff did not consent to the detention, arrest or imprisonment, and

any consent was obtained without voluntary consent, without knowledge, and

through unreasonable duress, and physical violence.

101.   The detention, search, seizure, and incarceration of Plaintiff was

obtained without a predicate crime committed, without reasonable suspicion, and

without probable cause.

102.   Defendant City, or, in the event the employing agency is determined

to be the Cotati Police Department, the Cotati Police Department is vicariously

liable for the arrest and imprisonment of Plaintiff pursuant to Section 815.2(a) of

the California Gov't Code which provides that a public entity is liable for the

injuries caused by its employees within the course and scope of the employment if

the employee's act would subject the employee to liability.

103.   The conduct of Defendants WARDLE, CUNNINGHAM, KNIGHT

and DOES 1 through 10, inclusive, was malicious, wanton, oppressive, and

accomplished through fraud, concealment of facts, and a conscious disregard for

the rights of the Plaintiff, entitling Plaintiff to an award of exemplary and punitive

damages.

COUNT 6

Assault and Battery (Cal. Gov't Code Sec. 820 and California common law).

AGAINST DEFENDANTS CITY OF COTATI, CPD, WARDLE,

25

**COMPLAINT**

CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive,

104.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 103, inclusive, of this Complaint as though the same were fully set forth herein.

105.   While acting under the color of state law and within the course and scope of their employment as police officers for the CPD police department, assaulted and seriously injured Plaintiff, who committed no crime and was complying with police commands, was unarmed and not presenting a threat to officer or public safety, and violated Plaintiff's rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

106.   Plaintiff did not consent to the assault and battery.

107.   Defendant City, or, in the event the employing agency is determined to be the Cotati Police Department, the Cotati Police Department is vicariously liable for the arrest and imprisonment of Plaintiff pursuant to Section 815.2(a) of the California Gov't Code which provides that a public entity is liable for the injuries caused by its employees within the course and scope of the employment if the employee's act would subject the employee to liability.

108.   The conduct of Defendants WARDLE, CUNNINGHAM, KNIGHT and DOES 1 through 10, inclusive, was malicious, wanton, oppressive, and accomplished through fraud, concealment of facts, and a conscious disregard for the rights of the Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

**COMPLAINT**

## COUNT 7

Negligence (Cal. Gov't Code Sec. 820 and California common law).

### AGAINST ALL DEFENDANTS

109.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 108, inclusive, of this Complaint as though the same were fully set forth herein.

110.    While acting under the color of state law and within the course and scope of their employment as police officers for the CPD police department, assaulted and seriously injured Plaintiff, who committed no crime and was complying with police commands, was unarmed and not presenting a threat to officer or public safety, and violated Plaintiff's rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

111.    Defendants were, each of them, under a duty imposed by law, to act reasonably to avoid injury to persons like Plaintiff, whose harm was forseeable by Defendants.

112.    Defendants, each of them, breached their duty of care by:

a)  Failing to arrest on reasonable suspicion and probable cause.

b)  Failing to exercise due care in the hiring, supervision, investigation of subordinate employees involved in the detention, investigation, assault, arrest and incarceration of the Plaintiff.

c)  Failing to exercise due care in investigating the claim of excessive force and continuing to employ individuals not suitable for interactions with

the general public and inadequately trained on the appropriate use of force.

d) Failing to implement police department policy.

e) Failing to comply with the written and adopted police department policy.

f) Failing to monitor, measure and identify compliance with adopted police department policy.

g) Failing to employ processes to identify and terminate bad actors employed in the police department.

h) Failing to investigate complaints of excessive force.

113.   Each of the aforementioned acts and omissions of the defendants caused injury and harm to the Plaintiff.

114.   Defendant City, or, in the event the employing agency is determined to be the Cotati Police Department, the Cotati Police Department is vicariously liable for the arrest and imprisonment of Plaintiff pursuant to Section 815.2(a) of the California Gov't Code which provides that a public entity is liable for the injuries caused by its employees within the course and scope of the employment if the employee's act would subject the employee to liability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief in the following:

For compensatory damages in an amount to be subject to proof at trial, for economic losses;

A. For past and future medical expenses;

**COMPLAINT**

B. For punitive damages in an amount to be proven at trial;

C. For general damages, non-economic harm suffered;

D. For attorneys fees;

E. For allowable costs;

F. For such further and other relief the Court deems just, proper and appropriate.

G. That Plaintiff has all other and further relief as this Court may deem just and proper under the circumstances.

PLAINTIFF DEMANDS JURY TRIAL.

Dated: August 12, 2021            By: _____

Gene H. Shioda, Esq.
Attorney for Plaintiff
JOHN PATRICK RILEY.

**COMPLAINT**